MEMORANDUM **
Harjeet Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, Singh v. Gonzales, 439 F.3d 1100, 1105 (9th Cir.2006), and we grant the petition for review.
The IJ did not adequately explain the adverse credibility determination. See id. (the agency must identify specific and cogent reasons for an adverse credibility finding); Bandari v. INS, 227 F.3d 1160, 1166 (9th Cir.2000) (the IJ must explain the significance of any perceived discrepancies). For one thing, in concluding that Singh’s testimony was “confusing, contradictory and evasive,” the BIA failed to address Singh’s contention that his testimony was not competently translated. See Sagaydak v. Gonzales, 405 F.3d 1035, 1040 (9th Cir.2005) (“the BIA [is] not free to ignore arguments raised by a petitioner.”); He v. Ashcroft, 328 F.3d 593, 598 (9th Cir.2003) (“faulty or unreliable translations *631 can undermine the evidence on which an adverse credibility determination is based”). Accordingly, we remand for the agency to reconsider its adverse credibility determination on an open record. See Soto-Olarte v. Holder, 555 F.3d 1089, 1095 (9th Cir.2009); see also INS v. Ventura, 537 U.S. 12, 16-18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
PETITION FOR REVIEW GRANTED; REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.